UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EMILY BECRAFT,

        Plaintiff

    v.                                      Case No. 1:11-cv–566-HJW

GARDEN MANOR EXTENDED
CARE CENTER,

        Defendant

## ORDER

This matter is before the Court upon the "Motion to Dismiss" (doc. no. 3) by the defendant, Garden Manor Extended Care Center. Plaintiff opposes the motion. Having fully considered the record, including the pleadings and the parties' briefs, the Court will <u>grant</u> the motion for the following reasons:

## I. Background and Factual Allegations

In her complaint, plaintiff Emily Becraft indicates, through counsel, that she worked for the defendant for approximately eight years, from September 13, 2001 until her termination on September 1, 2009 (doc. no. 2, ¶ 2). Although her complaint does not provide her age, she succinctly contends she was terminated "because of her age . . . contrary to the ADEA and applicable Ohio law" (¶ 4). Plaintiff filled out an "Intake Questionnaire" in March of 2010 with the Ohio Civil Rights Commission ("OCRC"). She filed a charge of discrimination on August 10, 2010, which was transferred to the Equal Employment Commission ("EEOC") in September 2010 (¶ 6).

The EEOC dismissed plaintiff's charge as untimely and mailed plaintiff a "notice-of-suit-rights" letter on April 26, 2011 (¶ 7). Plaintiff filed suit in state court on July 26, 2011, and the defendant removed this action to federal court on August 18, 2011 (doc. no. 1, "Notice of Removal").[1]

Defendant has moved to dismiss pursuant to Rule 12(b)(6), asserting that 1) the plaintiff failed to timely file her charge of age discrimination, and thus, failed to exhaust her administrative remedies; and additionally, 2) plaintiff's "bare-bones" complaint does not plead sufficient facts to state a claim for which relief may be granted (doc. no. 3). The motion has been fully briefed and is ripe for consideration.

## II. Judicial Notice of EEOC Decision and Letter

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), federal courts ordinarily do not consider matters outside of the complaint. Weiner v. Klais & Co., 108 F.3d 86, 88-89 (6th Cir. 1997). However, documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Id. at 89; Greenberg v. Life Insurance Company of Va., 177 F.3d 507, 514 (6th Cir. 1999) (observing that a defendant "may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment"). Plaintiff's complaint

---

[1] Although the defendant suggests in the notice of removal that the complaint asserts only an ADEA claim, the complaint alleges that plaintiff was terminated "because of her age . . . contrary to the ADEA and applicable Ohio law" (¶ 4). Plaintiff does not cite any specific state law, but arguably is asserting an ADEA claim and a state law claim.

specifically refers to her discrimination charge and the EEOC's decision (doc. no. 2 at ¶¶ 6-7). As "conditions precedent" mandated by federal statute, plaintiff's charge and the EEOC's decision are central to her claims.

In addition, courts may consider "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999) (taking judicial notice of a decision of the Civil Service Commission referred to in plaintiff's complaint), abrogated on other grounds, Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002); and see, 5C Wright & Miller, Federal Practice and Procedure: Civil 3d §§ 1364, 1366 (3d ed. 2004). Here, the Court may properly take judicial notice of the plaintiff's OCRC filings and EEOC's letter decision. The Court will consider them here as part of the pleadings.

### III. Analysis

### A. Whether Plaintiff Exhausted Her Administrative Remedies

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., forbids an employer from discharging an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). Before bringing a lawsuit under the ADEA, an employee must first exhaust administrative remedies and timely file an appropriate charge with the EEOC. Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998); Amini v. Oberlin College, 259 F.3d 493, 498 (6th Cir. 2001). The purpose of the charge "is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law." Sodexho, 157 F.3d at 463. Timely filing with the EEOC and obtaining a "notice-

of-suit-rights" letter are "conditions precedent" to bringing a federal action for employment discrimination, including claims of age discrimination under the ADEA. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982) (observing although exhaustion is a "condition precedent," it is non-jurisdictional and subject to equitable tolling and waiver).

The statutory deadline to file an age discrimination charge is 180 days from the allegedly discriminatory act, which is extended to 300 days if the individual also files with a state agency, such as the OCRC. 29 U.S.C. § 626(d); Amini, 259 F.3d at 498. After the EEOC dismisses the charge and issues a "notice-of-suit-rights" letter, a plaintiff has 90 days from receipt of the letter to file a civil action. 29 U.S.C. § 626(e). Failure to exhaust administrative remedies within this time period is an appropriate basis for dismissal. See, e.g., Hoover v. Timken Co., 30 Fed. Appx. 511, 513 (6th Cir. 2002) (dismissing ADEA claims for failure to exhaust remedies); Williams v. United Steel Workers of America, 2010 WL 909883 (S.D.Ohio 2010) (dismissing ADEA claim because plaintiff failed to file a timely EEOC charge).

Here, plaintiff's complaint succinctly alleges that she was terminated on September 1, 2009 "because of her age" (doc. no. 2, ¶ 4) Although she indicates that she filed a "complaint" with the Ohio Civil Rights Commission ("OCRC") in March of 2010 (¶ 6), the defendant correctly points out that the plaintiff filled out a preliminary "Intake Questionnaire" on March 29, 2010, and did not actually file a formal charge until August 10, 2010. The latter date was three hundred and forty days after the date of plaintiff's termination (doc. no. 3-1, Ex. A "Charge"). Plaintiff's charge was filed

forty days beyond the statutory 300 day period, and the EEOC therefore dismissed the charge as <u>untimely</u> (doc. no. 3-2, Ex. B). Given the EEOC's determination of untimeliness, the defendant appropriately argues that plaintiff's failure to exhaust administrative remedies is a proper basis for dismissal here.

In an effort to avoid dismissal, plaintiff now claims, without any citation to relevant authority, that her initial "Intake Questionnaire" amounted to a formal charge and that the Court should ignore the EEOC's decision. The record belies such assertions. Plaintiff's charge was not actually filed until August 10, 2010. Plaintiff's responses on the earlier "Intake Questionnaire" were cursory and cannot fairly be read as requesting the EEOC to take remedial action on the basis of age discrimination. Plaintiff's hand-written paragraph in the questionnaire did not even attribute her termination to age discrimination. Moreover, the EEOC did not deem this initial questionnaire to be a formal charge.

The United States Supreme Court has explained that the EEOC "is not required to treat every completed Intake Questionnaire as a charge." <u>Federal Exp. Corp. v. Holowecki</u>, 552 U.S. 389, 401 (2008) (noting that "of about 175,000 inquiries the agency receives each year, it dockets around 76,000 of these as charges"). Given its expertise, the EEOC's reasonable interpretation of what constitutes a charge under its own regulations and under particular circumstances is entitled to deference. <u>Id</u>. at 397-402 (explaining the degrees of deference afforded to an agency's reasonable interpretations of statutes and its own regulations).

Defendant correctly asserts that completion of an intake questionnaire is not

the same as filing a formal charge of discrimination, particularly where, as here, the cursory responses on the intake questionnaire do not objectively request the agency to take remedial action (nor warrant taking any action). For a communication with the EEOC (or the corresponding state agency) to amount to a "charge," the communication must do more than merely allege discrimination and name the employer. Holowecki, 552 U.S. at 401. It must provide enough additional information to "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Id. at 402. In Holowencki, the EEOC had reasonably deemed a particular questionnaire (which was supported by a detailed six-page affidavit describing specific unlawful practices) sufficient to amount to a "charge" in that instance. The Supreme Court upheld the EEOC's determination. Id. ("[t]he agency says it does, and we agree").

In contrast, the present plaintiff, when asked to explain "how you believe you were discriminated against," merely indicated on the intake questionnaire that:

> I was hired the day the Trade Center was blown up. The last day I worked was August 14, 2009. I left to go to the doctor at 2:00 and was called at home and told I couldn't work the weekend. I was fired on September 1, 2009 by mail. I think it was because I was hurt and filed w/c. I'm too old to get a job now and I want my job back." (doc. no. 4 at 6).

Notably, plaintiff did not contend in this paragraph that she was fired "because of her age." She also made no response to the questions "Are you aware of any other employee/person who was treated differently than you?" and "What do you want to

Page 6 of 9

resolve your case?" (doc. no. 4 at 6). She simply left these blank. It is readily apparent that plaintiff's responses on the "Intake Questionnaire" fall quite short of the detailed responses that amounted to a charge in *Holowencki.* Plaintiff has not shown that she is entitled to the benefit of such exception. The EEOC determined that the present plaintiff had untimely filed her formal charge on August 10, 2010. Plaintiff's ADEA claim is therefore subject to dismissal for failure to exhaust administrative remedies.

### B. Whether the Complaint Sufficiently States a Claim for Relief

As a second ground for dismissal, defendant asserts that the plaintiff's federal complaint fails to state a claim for which relief may be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint, and the first step is to identify any conclusory allegations. Ashcroft v. Iqbal,129 S.Ct. 1937, 1950 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff's complaint makes the bald allegation that she was terminated on September 1, 2009 "because of her age." This is entirely conclusory. "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." Id.; Twombly, 550 U.S. at 555.

The United States Supreme Court has explained that "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 129 S.Ct. at 1949. To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In order to state a claim of age discrimination, plaintiff must allege facts showing that: (1) she was at least forty years old; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) either she was replaced by a younger person or was treated differently than similarly situated non-protected employees. 29 U.S.C. § 631(a); Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 264 (6th Cir. 2010); Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992); see, e.g., Phillips v. Exel, 2009 WL 1940406 (S.D.Ohio 2009) (dismissing ADEA claim for failure to state a claim).

Defendants point out that plaintiff's two-page complaint is largely conclusory. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft, 129 S.Ct. at 1949. In fact, plaintiff's complaint does not allege any supporting facts at the first and fourth steps. Defendants correctly point out that plaintiff has not even alleged at step one that she is over forty, or at step four that she was replaced by a younger person or treated differently than similarly-situated non-protected employees.[2]

Plaintiff has not pleaded any facts suggesting disparate treatment or that she was replaced by a younger person. The complaint merely indicates in conclusory

---

[2]Plaintiff's charge indicates that she was born June 11, 1939 (doc. no. 3-1).

fashion that plaintiff was terminated "because of her age." As the United States Supreme Court has observed, "[m]ore is required than 'unadorned, the-defendant-unlawfully-harmed me accusations.' " <u>Ashcroft</u>, 129 S.Ct. at 1949. A plaintiff must provide the grounds of her entitlement to relief "rather than a blanket assertion of entitlement to relief." <u>Twombly</u>, 550 U.S. at 556 n.3. Labels, conclusions, and formulaic recitations of the elements of a cause of action "will not do." <u>Id</u>. at 555. Thus, plaintiff's complaint is also subject to dismissal for failure to adequately plead her ADEA claim. To the extent plaintiff is asserting an age discrimination claim under Ohio law, the Court will decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any such state law claim.

Accordingly, the defendant's "Motion to Dismiss" (doc. no. 3) is <u>GRANTED</u>; plaintiff's ADEA claim is DISMISSED for failure to exhaust administrative remedies and for failure to state claim for relief pursuant to Rule 12(b)(6); to the extent plaintiff may be raising an age discrimination claim "under Ohio law," such state claim is dismissed without prejudice; the plaintiff's complaint is DISMISSED and this case is terminated on the docket.

IT IS SO ORDERED.

               s/ Herman J. Weber
             Herman J. Weber, Senior Judge
             United States District Court